# Exhibit A

5

EVANS, CRAVEN & LACKIE, P.S.
**RECEIVED**

MAY 1 8 2022

FILED

2022 MAY 17  A II: 12

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

1
2
3
4
5
6

7    SUPERIOR COURT OF THE STATE OF WASHINGTON
8    IN AND FOR THE COUNTY OF SPOKANE

9

10   BRAEDEN CORDES, individually,               No. **2220 1562-32**

11            Plaintiff,

12

13       v.

14
     MEAD SCHOOL DISTRICT 354, a                 **SUMMONS**
15   Washington Municipal Corporation; RYAN
16   CHAN, individually; GILBERT AND
     MELISSA CHAN, husband and wife, and
17   the marital community comprised thereof;
18   and JOHN AND JANE DOES 1-10,

19
            Defendants.
20

21

22   TO THE DEFENDANT: MEAD SCHOOL DISTRICT 354.

23       A lawsuit has been started against you in the above-entitled Court by Plaintiff.
24
25   Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with
26   this Summons.
27
28       In order to defend against this lawsuit, you must respond to the Complaint by stating
29   your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff
30
31   within twenty (20) days after the service of this Summons, excluding the day of service, or a
32

Summons - 1                          ETTER, McMAHON, LAMBERSON,
                                     VAN WERT & ORESKOVICH, P.C.
                                     618 WEST RIVERSIDE AVENUE, SUITE 210
                                     SPOKANE, WASHINGTON 99201   (509) 747-9100

1  default judgment may be entered against you without notice.  A default judgment is one

2  where Plaintiff is entitled to what he asks for because you have not responded.  If you serve a

3  Notice of Appearance on the undersigned attorney, you are entitled to notice before a default

4

5  judgment may be entered.

6      You may demand that the Plaintiff file this lawsuit with the Court.  If you do so, the

7

8  demand must be in writing and must be served upon the Plaintiffs.  Within 14 days after you

9  serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of

10

11  this Summons and Complaint will be void.

12      If you wish to seek the advice of an attorney in this matter, you should do so promptly

13

14  so that your written response, if any, may be served on time.

15      This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the

16

17  State of Washington.

18      RESPECTFULLY SUBMITTED this _17th_ day of May, 2022.

19

20                    ETTER, McMAHON, LAMBERSON,
                      VAN WERT & ORESKOVICH, P.C.

21

22           By: _____

23              Carl J. Oreskovich, WSBA #12779
              Andrew M. Wagley, WSBA #50007
24           _Attorneys for Plaintiff Braeden Cordes_

25

26

27

28

29

30

31

32

      Summons - 2                    ETTER, McMAHON, LAMBERSON,
                                  VAN WERT & ORESKOVICH, P.C.
                                     618 WEST RIVERSIDE AVENUE, SUITE 210
                                  SPOKANE, WASHINGTON 99201   (509) 747-9100

7

EVANS, CRAVEN & LACKIE, P.S.
**RECEIVED**

MAY 1 8 2022

FILED

2022 MAY 17 A 11: 13

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

BRAEDEN CORDES, individually,

        Plaintiff,

    v.

MEAD SCHOOL DISTRICT 354, a
Washington Municipal Corporation; RYAN
CHAN, individually; GILBERT AND
MELISSA CHAN, husband and wife, and
the marital community comprised thereof;
and JOHN AND JANE DOES 1-10,

        Defendants.

No. **22201562-32**

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff BRAEDEN CORDES, by and through his attorneys Carl J.

Oreskovich and Andrew M. Wagley of Etter, McMahon, Lamberson, Van Wert &

Oreskovich, P.C., and hereby alleges as follows:

## I.   **PARTIES**

1.1.  On or about May 30, 2017, Plaintiff Braeden Cordes was injured based upon the acts

    and omissions of the Defendants as described fully *infra*. At all times material hereto,

    Braeden Cordes was a resident of Spokane County, Washington.

Complaint for Damages - 1

ETTER, MCMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100



1.2.  Defendant Mead School District 354 is a municipal corporation organized under the laws of the State of Washington.  At all times material hereto, Defendant Mead School District operated the Mead High School, located in Spokane County, Washington.

1.3.  Defendant Ryan Chan, a minor at the time of the incident, negligently choked Plaintiff Braeden Cordes on or about May 30, 2017 as described further herein.  At all times material hereto, Defendant Ryan Chan was a resident of Spokane County, Washington.

1.4.  Upon information and belief, Defendants Gilbert and Melissa Chan, and the marital community comprised thereof, are the parents of Defendant Ryan Chan.  At all times material hereto, Defendants Gilbert and Melissa Chan were residents of Spokane County, Washington.

1.5.  Upon information and belief, Defendants John and Jane Does 1-10 are individuals and/or entities, currently unknown to Plaintiff, including but not limited to officers, administrators, teachers, counselors, employees, and/or agents of Defendant Mead School District, who will be identified through discovery and added as necessary.

## II.   JURISDICTION, VENUE, AND PRESENTMENT OF CLAIM

2.1.  The acts, errors, omissions, and/or injuries alleged herein occurred in Spokane County, Washington.

2.2.  Jurisdiction is proper in the Superior Court of the State of Washington in and for the County of Spokane, pursuant to RCW 2.08.010, 42 U.S.C. § 1983, and other applicable laws.

2.3.  Venue is appropriate in this Court pursuant to RCW 4.12.020 and other applicable laws.

Complaint for Damages - 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

2.4. Plaintiff Braden Cordes has satisfied the requirements set forth in Chapter 4.96 RCW by filing an appropriate claim for damages with Defendant Mead School District more than 60 days prior to commencement of this suit.

### III.    FACTS

3.1. On or about the afternoon of May 30, 2017, Plaintiff Braeden Cordes, Defendant Ryan Chan, and other classmates began to gather by their classroom door at the end of fifth period at Mead High School. Both Plaintiff Braeden Cordes and Defendant Ryan Chan were Sophomores at the time.

3.2. While the class was waiting to be released, Defendant Ryan Chan came up behind Plaintiff Braeden Cordes and placed Braeden in a chokehold. During the incident, Ryan choked Braeden to the point of unconsciousness.

3.3. When Ryan grabbed Braeden, Braeden's hands were in his pockets, and Braeden therefore had no opportunity to brace his fall when he was choked unconscious. When Ryan let go of Braeden, Braeden fell face first to the floor of the classroom, suffering a right orbital blowout fracture and concussion with loss of consciousness.

3.4. Following the incident, Defendant Mead School District interviewed various students and facility. As indicated by classmates, Braeden and Ryan "joke[d] around in class all the time" and "[t]hey goof[ed] around in . . . class a lot." Unfortunately, students indicated that "Ryan took it too far and it ended up bad" that afternoon.

3.5. According to student accounts, while the class was waiting to be excused for their next period, "Ryan just started choking [Braeden]." One student who directly witnessed the

Complaint for Damages - 3

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

event indicated: "I think Ryan was trying to get Braeden to tap out." Another student said they saw Ryan "start with the choke hold and thought they were just messing around. When I looked back I saw Braeden fall to the ground."

3.6.  As indicated by the Critical Incident Report authored by Mead High School teacher Kelli Hennessey: "Student Ryan Chan choked student Braeden Cordes. Braeden lost consciousness, fell to the floor, and hit his face on the ground."

3.7.  Immediately following the incident, Defendant Ryan Chan "stated that he had placed Braeden in a choke hold and that Braeden did not 'tap out,' so he let Braeden go, at which point he fell." Thereafter, Ryan Chan admitted he knew that "school isn't an appropriate place for physical contact" and "expressed that he felt horrible that it happened and that he takes responsibility for his actions."

3.8.  Following the incident, Ms. Hennessey directed students to get the school nurse and call 911. When Ms. Hennessey tended to Plaintiff Braeden Cordes, she recalled: "Braeden's nose had been bleeding and the right side of his face was swollen and bruised. He was awake but confused about what happened and stated that he could not see out of his right eye." Further, "Braeden whimpered a little bit and he didn't say anything until [the] Nurse started asking him questions," the first thing he said was "he couldn't see out of his right eye" and "didn't remember right away what happened."

3.9.  Paramedics arrived shortly thereafter and took Plaintiff Braeden Cordes to the emergency room ("ER") of Holy Family Hospital. As a result of the incident, Plaintiff suffered a right orbital blowout fracture, diplopia of the right eye, a concussion with

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

loss of consciousness, an intraoral laceration requiring five stitches, and general pain and suffering.

3.10. Mead High School Principal Teresa Laher ultimately determined that "[the] two boys were messing around, they were not intentionally trying to hurt each other." Mead School District classified the incident as "Horseplay" on the Accident Report Form.

3.11. Prior to the incident, Defendant Ryan Chan had previously been involved in other similar horseplay incidents at Mead High School and was previously disciplined for playing a "choke out game" with other students. Upon information and belief, this information was known to Defendant Mead School District and Defendants Gilbert and Melissa Chan prior to the events of May 30, 2017.

## IV.    FIRST CAUSE OF ACTION
## NEGLIGENCE / FAILURE TO PROTECT –
## DEFENDANT MEAD SCHOOL DISTRICT

4.1. Plaintiff incorporates the allegations set forth in the prior and preceding paragraphs as though fully restated herein.

4.2. Under Washington law, a school district has a duty to undertake reasonable precautions to protect the pupils in its custody from foreseeable dangers, including those caused by acts and/or omissions of third parties and fellow students.

4.3. Defendant Mead School District, by and through its officers, administrators, teachers, counselors, employees, and/or agents, knew or should have known that Defendant Ryan Chan presented an unreasonable risk of harm to fellow Mead High School students, including Plaintiff Braeden Cordes.

Complaint for Damages - 5

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100



4.4. It was reasonably foreseeable to Defendant Mead School District, and within the applicable zone of danger, that Ryan Chan posed a risk of injuring other students, based on his prior acts of horseplay, prior discipline following playing the "choke out game," and other facts that will be established fully at the time of trial.

4.5. The Defendant Mead School District breached its duty to protect its students, including the Plaintiff Braden Cordes, by failing to prevent students from choking other students, allowing Ryan Chan to be unsupervised around his peers following horseplay / "choke out" reports, failing to warn students and/or patents of the "choke out game," and other facts as will be established fully at the time of trial.

4.6. Defendant Mead School District is liable by virtue of not only its policies, procedures, and policymakers, but also by virtue of the acts and/or omissions of its administrators, counselors, teachers, and other agents under the doctrine of respondeat superior.

4.7. The Defendant Mead School District's breach of such duty was the proximate cause of the injuries suffered by Plaintiff Braeden Cordes.

4.8. As a direct and proximate result of said breach, Plaintiff Braeden Cordes, has suffered, and will continue to suffer, both economic and noneconomic damages, as will be established fully at the time of trial.

## V.    SECOND CAUSE OF ACTION
### NEGLIGENCE / FAILURE TO SUPERVISE
### DEFENDANT MEAD SCHOOL DISTRICT

5.1. Plaintiff incorporates the allegations set forth in the prior and preceding paragraphs as though fully restated herein.

Complaint for Damages - 6

ETTER, MⁱMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

5.2.  Under Washington law, a school district has a duty to properly supervise a pupil in its custody from causing foreseeable dangers to others, including those caused by negligent and/or intentional tortious acts.

5.3.  Defendant Mead School District, by and through its officers, administrators, teachers, counselors, employees, and/or agents, knew or should have known that Defendant Ryan Chan presented an unreasonable risk of harm to fellow Mead High School students, including the Plaintiff Braeden Cordes.

5.4.  It was reasonably foreseeable to Defendant Mead School District, and within the applicable zone of danger, that Ryan Chan posed a risk of injuring other students, based on his prior acts of horseplay, prior discipline following playing the "choke out game," and other facts that will be established fully at the time of trial.

5.5.  Defendant Mead School District breached its duty to supervise Defendant Ryan Chan, prevent Ryan from injuring other students, allowing Ryan Chan to be unsupervised around his peers following horseplay / "choke out" reports, and other facts as will be established fully at the time of trial.

5.6.  Defendant Mead School District is liable by virtue of not only its policies, procedures, and policymakers, but also by virtue of the acts and/or omissions of its administrators, counselors, teachers, and other agents under the doctrine of respondeat superior.

5.7.  The Defendant Mead School District's breach of such duty was the proximate cause of the injuries suffered by Plaintiff Braeden Cordes.

ETTER, M^cMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

5.8.   As a direct and proximate result of said breach, Plaintiff Braeden Cordes, has suffered, and will continue to suffer, both economic and noneconomic damages, as will be established fully at the time of trial.

## VI.   THIRD CAUSE OF ACTION
### VIOLATION OF DUE PROCESS –
### DEFENDANT MEAD SCHOOL DISTRICT

6.1.   Plaintiff incorporates the allegations set forth in the prior and preceding paragraphs as though fully restated herein.

6.2.   Title 42 Section 1983 of the United States Code provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

A cause of action under Section 1983 requires proof that the defendant acted under color of state law, and that the defendant deprived the plaintiff of a right protected by the Constitution of the United States.

6.3.   The Due Process Clause of the Fourteenth Amendment to the Constitution of the United States provides that a state actor shall not "deprive any person of life, liberty, or property, without due process of law." An individual has a protected liberty interest in his or her personal autonomy pursuant to the Due Process Clause.

6.4.   The failure of a state actor to protect an individual from the acts of a third party may constitute a deprivation of liberty under the Due Process Clause of the Fourteenth

Complaint for Damages - 8

ETTER, MᶜMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Amendment if there is: (1) affirmative conduct on the part of the state actor in placing the individual in danger, and (2) the state acts with deliberate indifference to a known or obvious danger.

6.5.  The Defendant Mead School District constitutes a state actor for purposes of Section 1983 as it is a municipal corporation operating and organized under the laws of the State of Washington and operated the Mead High School at all time material hereto in the performance of its official duties.

6.6.  The Defendant Mead School District owed an affirmative duty to protect the Plaintiff Braeden Cordes from the acts of Ryan Chan as the Defendant engaged in affirmative conduct that created the danger by virtue of allowing Ryan Chan to be unsupervised around his peers following reported incidents of horseplay and the "choke out game."

6.7.  The Defendant Mead School District knew, or should have known, that its actions specifically endangered Plaintiff Braeden Cordes and that Plaintiff was a foreseeable victim and/or a member of a discrete class of persons subjected to the potential harm by virtue of the Plaintiff's status as a student at Mead High School, relationship with Ryan Chan, and other facts as will be established fully at the time of trial.

6.8.  The Defendant Mead School District breached such duty owed to the Plaintiff by virtue of the failure to implement and/or follow necessary policies and procedures, allowing Defendant Ryan Chan to "choke out" Plaintiff Braeden Cordes, and other facts as will be established fully at the time of trial.

Complaint for Damages - 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

6.9.  Defendant Mead School District's breach constitutes a deliberate indifference to Plaintiff's constitutional rights and shocks the conscience as the need for more or different action was so obvious, yet the Defendant failed to take obvious steps to address this known, serious risk.

6.10. Defendant Mead School District is liable pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) as the acts described herein were committed pursuant to official policy, ratification, and/or delegation.

6.11. Defendant Mead School District's breach of such duty was the proximate cause of Plaintiff's injuries and the moving force of the deprivation of his right to liberty under the Due Process Clause.

6.12. As a direct and proximate result of said breach, Plaintiff Braeden Cordes, has suffered, and will continue to suffer, both economic and noneconomic damages, as will be established fully at the time of trial.

## VII.  FOURTH CAUSE OF ACTION
### NEGLIGENCE / NEGLIGENT SUPERVISION –
### DEFENDANTS GILBERT AND MELISSA CHAN

7.1.  Plaintiff incorporates the allegations set forth in the prior and preceding paragraphs as though fully restated herein.

7.2.  Under Washington law, parents are liable for torts of their minor children when: (1) the child has a dangerous proclivity; (2) the parents know of the child's dangerous proclivity; and (3) they fail to exercise reasonable care in controlling that proclivity.

Complaint for Damages - 10

ETTER, M<sup>C</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

7.3. As detailed above, Defendant Ryan Chan had dangerous proclivities that resulted in choking out Plaintiff Braeden Cordes at Mead High School on May 30, 2017.

7.4. Defendants Gilbert and Melissa Chan knew, or should have known, of their child's dangerous proclivity by virtue of Ryan Chan's prior discipline at school, prior instances of playing the "choke out game" and horseplay, and other facts as will be established fully during the time of trial.

7.5. Despite the dangerous proclivities exhibited by Ryan Chan, and the Defendants' knowledge thereof, Defendants failed to exercise reasonable care in controlling such dangerous proclivities.

7.6. Defendants Gilbert and Melissa Chan's breach of such duty was the proximate cause of the injuries suffered by Plaintiff as alleged elsewhere herein.

7.7. As a direct and proximate result of said breach, Plaintiff Braden Cordes has suffered, and will continue to suffer, both economic and noneconomic damages, as will be established fully at the time of trial.

## VIII.    FIFTH CAUSE OF ACTION
## NEGLIGENCE – DEFENDANT RYAN CHAN

8.1. Plaintiff incorporates the allegations set forth in the prior and preceding paragraphs as though fully restated herein.

8.2. Under Washington law, the required elements for negligence: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause.

8.3. Defendant Ryan Chan had a duty to exercise ordinary care in his interactions with others, not engage in misfeasance, and to avoid injuring others by virtue of his conduct.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

8.4.  Defendant Ryan Chan breached said duty by virtue of the acts and/or omissions described elsewhere herein, including placing Plaintiff in a choke hold.

8.5.  Plaintiff was injured by Defendants' breach of said duty, incurring both economic and noneconomic damages, including emotional distress, and pain and suffering.

8.6.  As a direct and proximate result of said breach, Plaintiff Braeden Cordes has suffered, and will continue to suffer, both economic and noneconomic damages, as will be established fully at the time of trial.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Braeden Cordes prays for judgment against Defendants, jointly and severally where applicable, as follows:

1.    For all special and economic damages incurred to date and for those which will reasonably be incurred in the future;

2.    For all general and noneconomic damages which will reasonably and fairly compensate the Plaintiff;

3.    For punitive damages, as allowed by law;

4.    For attorneys' fees and costs of suit, as allowed by 42 U.S.C. § 1988 and other applicable law;

5.    For trial by jury pursuant to applicable Washington law;

6.    For pre-judgment and post-judgment interest at the highest rate permitted by law; and

//

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

7.    For such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this __17th__ day of May, 2022.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By: _____
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Plaintiff Braeden Cordes*

Complaint for Damages - 13

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100